UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALFRED BARBER,

        Plaintiff,

vs.

        Case No. 05-71756

        HON. GEORGE CARAM STEEH

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This case is before the court on defendant's motion to dismiss the complaint, scheduled for oral argument on September 22, 2005. Counsel for plaintiff did not appear at the time scheduled for hearing, and upon telephone inquiry from the deputy clerk, his office indicated it had not received notice of the hearing.

Having considered the briefs submitted by the parties, the court is satisfied that it would not be assisted by oral argument on the motion. Therefore, as stated on the record and in accordance with local rules, the court hereby orders the motion's submission and determination on the briefs. E.D. Mich. LR 7.1(e)(2).

This case involves claims filed by Alfred Barber, a former Flint, Michigan letter carrier. Barber was terminated from employment with the Postal Service, effective May 3, 2003, for violating a "last chance agreement." A grievance was filed by the National Association of Letter Carriers, plaintiff's union, on his behalf. That grievance was ultimately denied by the arbitrator, who upheld plaintiff's dismissal from the Postal Service.

Plaintiff filed a complaint of discrimination with the EEO office of the Postal Service on June 18, 2003, alleging race discrimination.  On November 10, 2003, plaintiff requested that the EEOC hold a hearing on his complaint.  However, the administrative law judge granted the defendant's motion for summary judgment rather than hold a hearing, finding the plaintiff's termination stemmed from the violation of his last chance agreement, rather than a discriminatory reason.  The Postal Service issued a notice of final action on May 11, 2004, which gave plaintiff 30 days to appeal the final action or 90 days to file a civil action in U.S. District Court.  On June 14, 2004, plaintiff timely appealed the final action to the EEOC's Office of Federal Operations, which affirmed the Postal Service's notice of final action on October 20, 2004.  That notice again advised plaintiff he could request a reconsideration within 30 days, which plaintiff did not do, or file a civil action in U.S. District Court within 90 days of that decision.  Plaintiff filed the complaint in this litigation on May 3, 2005, 189 days later.  Plaintiff's complaint consists of one count of race discrimination under Title VII and one count of wrongful discharge.

Defendant moves to dismiss plaintiff's complaint in its entirety, asserting the complaint was not timely filed pursuant to 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407 (a), (b), and because plaintiff's wrongful discharge claim is preempted by the Postal Reorganization Act.  Defendant points to cases including <u>Bush v. Lucas</u>, 462 U.S. 367, 385-89 (1983) and <u>Kroll v. United States</u>, 58 F.3d 1087 (6th Cir. 1995), for the proposition that a tort claim such as  wrongful discharge cannot be brought by a postal worker where a statutory scheme such as the Postal Reorganization Act has been enacted by Congress to address this claim.  The PRA, chapters 10 and 12, create a "comprehensive and elaborate remedial scheme governing employment relations within

the Postal Service." Defendant's Brief, p. 6, citing 39 U.S.C. § 1001-11, 1201-09. Moreover, the defendant points out, plaintiff in this matter did in fact avail himself of the grievance-arbitration procedure after his termination, a process which led to the upholding of his termination.

In response, plaintiff asserts only that the statute of limitations should have been tolled due to the plaintiff's "motion for appointment of counsel," which plaintiff does not attach to his response, and which he asserts was filed "on or about November 2004." Plaintiff states that because this motion was not decided until February 2005, equitable tolling of the statute of limitations is appropriate under Harris v. Walgreen Distribution Centers, 456 F.2d 588 (6th Cir. 1972).

Harris was a case in which the plaintiff made two separate motions to the U.S. District Court for appointment of counsel. In the instant case, there is no record that the plaintiff ever asked this court for appointment of counsel. What, exactly, the plaintiff means by a "motion for appointment of counsel" remains uncertain, as there was no explanation given by the plaintiff. Furthermore, the plaintiff cites to no facts or authority to effectively dispute defendant's motion, and in fact filed his response brief two days after the date to which defendant stipulated for the filing of plaintiff's late brief. Accordingly, plaintiff's Title VII claim is hereby DISMISSED.

Finally, concerning the defendant's second argument for dismissal, the plaintiff merely asserts that "courts have consistently held that judicial review of administrative decisions involving a federal question is within the jurisdiction of the courts," citing Fekete v. U.S. Steel Corp., 424 F.2d 331 (3rd Cir. 1970). The Fekete case, involving review of a Title VII determination, lends no support to plaintiff's assertion. Notably,

3

plaintiff's response also states that "Plaintiff's wrongful discharge claim is predicated on violation of Title VII forbidding discrimination on the basis of race," which apparently indicates that the wrongful discharge claim is essentially one and the same as the Title VII claim, which has been disposed of above, on the statute of limitations grounds. Defendant's motion is therefore GRANTED in its entirety and the case is DISMISSED.

IT IS SO ORDERED.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: September 23, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 23, 2005, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk